UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD L. VAN WINKLE, | CASE NO.: C06-0916-JCC |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| JOSEPH D. LEHMAN, | |
| Respondent. | |

## INTRODUCTION

Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss, arguing that the petition is successive and should either be dismissed or transferred to the Ninth Circuit, pursuant to 28 U.S.C. § 1631 and Circuit Rule 22-3(a). Having considered the petition, the motion to dismiss, petitioner's response thereto, and the balance of the record, the court concludes that the petition should be dismissed without prejudice.

## PROCEDURAL HISTORY

Petitioner was convicted in 1995 of four counts of incest and was sentenced to 120 months in prison. (Dkt. #9, Ex. 3 at 1). He was released from confinement on January 7, 2003. *Id*., Ex.

REPORT AND RECOMMENDATION
PAGE -1

2). He has challenged his sentence through various petitions in state court and also through a prior habeas petition in federal court, which the Honorable Barbara Jacobs Rothstein dismissed with prejudice on April 2, 2003. *See Van Winkle v. Morgan*, Case No. C01-321R (Order adopting Report & Recommendation).

Petitioner filed the instant habeas petition on June 28, 2006. (Dkt. #1). Respondent has filed a motion to dismiss the petition (Dkt. #9), and petitioner has filed a response. (Dkt. #11). The matter is now ready for review.

## DISCUSSION

In his § 2254 petition, petitioner raises two grounds for relief based upon the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). (Dkt. #1 at 4). However, respondent argues in his motion to dismiss that the Court need not address the merits of these claims because the petition is successive and must either be transferred or dismissed. (Dkt. #9).

By statute, this court is without jurisdiction to consider a second or successive habeas petition until the Ninth Circuit Court of Appeals has authorized its filing.   *See* 28 U.S.C. § 2244(b)(3)(A); Circuit Rule 22-3. Title 28 U.S.C. § 2244(b)(3)(A) provides that *before* a second or successive habeas petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 2244(b)(3)(A) thus creates a "gatekeeping" mechanism at the appellate court for the consideration of second or successive applications in the district courts. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, it "transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court . . . ." *Id.* at 664. Permission may be obtained only by filing, with the appropriate appellate court, a motion

for authorization to file a successive habeas petition with the district court. The court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines the application makes a prima facie showing that the application satisfies the requirements set forth in 28 U.S.C. § 2244(b)(2).

Petitioner appears to concede that the instant petition is successive. In his response, he states that "[p]etitioner agrees that this may be a successive petition per 28 U.S.C. § 2244(b)(2) . . . ." (Dkt. #11 at 1). However, petitioner goes on to contend, without citing any authority in support, that the Court should consider the petition "in the interests of justice, due process of law, and proper procedure pursuant to the rules." (*Id.*)

Petitioner's argument that the Court should consider his petition, notwithstanding the fact that it is successive, is foreclosed by the statute and rule cited earlier. *See* 28 U.S.C. § 2244(b)(3)(A); Circuit Rule 22-3. In addition, it appears that the Court lacks jurisdiction to entertain the petition for another reason. A petition for habeas relief must be filed by a person who is "in custody" at the time of filing. *See* 28 U.S.C. § 2254(a); *Zegarra-Gomez v. I.N.S.*, 314 F.3d 1124, 1126-27 (9th Cir. 2003). It is undisputed that petitioner was released from custody on January 7, 2003, approximately three and a half years before he filed the instant habeas petition. While physical confinement is not the sole means of satisfying the "custody" requirement, petitioner has not shown that his liberty is currently restrained in any other way that might meet the requirement. *See, e.g., Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). The Court notes that although the record is not clear on whether petitioner has been required to register with the state as a sex offender, even if he were, such registration would not meet the definition of "in custody." *See Williamson v. Gregoire*, 151 F.3d 1180, 1184 (9th Cir. 1998).

01  Although the Court could transfer the instant petition to the Ninth Circuit, it appears that 02 to do so would not be in the interests of justice, given petitioner's apparent failure to meet the 03 "custody" requirement of § 2254. Accordingly, the petition should be dismissed without prejudice 04 and petitioner may refile it with the Ninth Circuit. This course of action will also afford petitioner 05 an opportunity to present arguments to the appellate court that he is "in custody" for purposes of 06 filing a habeas petition.

## CONCLUSION

08  For the foregoing reasons, petitioner's petition under 28 U.S.C. § 2254 should be 09 dismissed without prejudice. A proposed Order is attached.

10  DATED this 22nd day of September, 2006.

_____
Mary Alice Theiler
United States Magistrate Judge